930 F.2d 913
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Robert C. MORGAN, Vicky Lynn Morgan, Plaintiffs-Appellants,
v.
BECHTEL NATIONAL, INCORPORATED, and its successors,
Laborers' International Union of North America, in
trusteeship of Local Union Number 1149,
Defendants-Appellees.
 
 No. 90-2140.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided April 19, 1991.
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Robert Earl Maxwell, Chief District Judge. (CA-87-86-W)
 Geary M. Battistelli, Beneke, Battistelli & Bremer, Wheeling, W.V., for appellants.
 Stephen John Vollmer, Bond, Schoeneck & King, Syracuse, N.Y., for appellee Bechtel National; Thomas E. Myers, BOND, SCHOENECK & KING, Syracuse, N.Y., on brief.
 Laurence Edward Gold, Connerton, Ray & Simon, Washington, D.C., for appellee Laborers' International Union.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal is from the district court's grant of summary judgment to Bechtel National, Inc., its successors, and Laborers' International Union of North America, in trusteeship of Local Union No. 1149 affiliated with Laborers' International Union of North America, against Robert C. Morgan and Vicky Lynn Morgan on the latters' hybrid claim under Sec. 301 of the Labor-Management Relations Act.[1] The claim was based on Robert Morgan's discharge by Bechtel and the union's refusal to pursue the discharge to arbitration. The sole issue on appeal concerns the applicability of the sixmonth statute of limitations period prescribed in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). We affirm.
 
 
 2
 * Morgan worked as a laborer at Bechtel's hydroelectric plant project in New Martinsville, West Virginia, from mid-June 1986 until he was laid off on December 19, 1986. During his employment, Morgan had been appointed union job steward and given a copy of the collective bargaining agreement. According to Bechtel, Morgan was laid off because of a work force reduction. Morgan, however, contends that he was terminated in retaliation for making written and oral complaints about safety violations committed by Bechtel.
 
 
 3
 On December 20, 1986, he filed a grievance under the collective bargaining agreement attacking the layoff and asking for reinstatement and backpay. The collective bargaining agreement contained a four-step grievance procedure with five and ten-day deadlines for proceeding from one step to the next. If a grievance deadline passed prior to a grievant proceeding to the next step, the grievance was waived.
 
 
 4
 The local union assigned acting trustee John Weaver and acting business agent Joe Tamburin to meet with the employer representative in an attempt to resolve step one of the grievance proceedings, but their efforts were unsuccessful. In step two of the grievance proceedings, Morgan was represented by the area union representative, Wetzel Harvey, who was in charge of presenting the union's case. Morgan attended the meeting along with Weaver, Tamburin, and two employer representatives. The attempt at resolution was again unsuccessful. After the step two meeting, Harvey advised Morgan that the grievance lacked merit and that the collective bargaining agreement did not provide super-seniority to stewards, a position that Morgan insisted be advanced. Instead, Harvey advised that the only possible avenue for success was to find evidence of discrimination. After Harvey's investigation of the work site on January 14, 1987, failed to reveal any evidence of discrimination, he concluded that the grievance lacked merit and ceased pursuing it.
 
 
 5
 On January 21, Harvey informed Morgan about the failed grievance and that Morgan would not be able to work on the project again. Additionally, Harvey sent Morgan a copy of his report on the grievance which he had forwarded to the international trustee in charge of local union affairs. On February 10, Morgan attempted to pursue his claims before the Occupational Safety and Health Administration (OSHA) and in his application for relief presented his sworn statements that the union had refused to process the grievance any further for lack of merit. On February 12, he presented similar statements to the National Labor Relations Board (NLRB).
 
 II
 
 6
 Morgan concedes, as he must, that the DelCostello sixmonth limitations period is the applicable statute of limitations. He contends, however, that the period only begins to run on the date that he knew or in the exercise of reasonable diligence should have known of the union's alleged breach of its duty of representation. Conley v. Great Lakes Plastics, Inc., 627 F.Supp. 296 (E.D.Mich.1985). He strenuously urges that he was not aware of the union's failure to process his grievance nor should he have been aware of that disinclination until May 20, 1987, when he received a letter from the union's General President concluding that "it appears your grievance was properly taken no further than Step 2." He contends the following facts mandate the application of that date. According to Morgan, despite Harvey's communications with him he continued to receive representations from Weaver that he would be the first called back to work and would regain his job steward position. According to Morgan, after learning in mid-April that two union members had been referred to the job, he wrote the union's General President, Angelo Fosco, calling for an immediate investigation. He received a reply from Fosco on May 20 advising that his grievance had been properly terminated. According to Morgan, this was the last formal action on the part of the union and the six-month statute of limitations began to run at that time.
 
 
 7
 Morgan's allegations concerning the continued misrepresentation of a local union official as to the potential of his being called back by Bechtel might have at least created a genuine issue of material fact concerning the DelCostello statute of limitations--except for one factor. Unfortunately for Morgan, he unequivocally swore to OSHA and NLRB that he was aware of the union's alleged derelictions by February 12, 1987. Since the complaint in this case was not filed until November 6, 1987, it is clearly outside the applicable statute of limitations and the district court correctly granted summary judgment to the defendants.
 
 
 8
 In view of the above, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 29 U.S.C. Sec. 185